42 F.3d 1400
 1995-1 Trade Cases P 70,868
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Narendra KUMAR, M.D., Plaintiff-Appellant,
v.
NATIONAL MEDICAL ENTERPRISES, INC.; Scenic Faculty Medical
Group; William L. Boddie, M.D.; Martin S. Cohen, M.D.;
Ronald Goldman, M.D.; Maynard Rasmussen; M.D.; Robert
Watson, M.D.; and Richard Gratian, M.D., Defendants-Appellees.
 No. 93-16841.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Narendra Kumar, M.D., appeals pro se the district court's summary judgment for defendants in his action alleging violations of the Sherman Act, 15 U.S.C. Secs. 1 and 2, and state law in relation to his loss of staff privileges at two hospitals. Kumar contends that the district court erred by (1) finding Kumar failed to establish a question of material fact regarding the existence of antitrust injury, (2) refusing to grant Kumar more time to pursue discovery prior to ruling on defendants' motions for summary judgment, and (3) ruling that Kumar's objections to the magistrate's findings and recommendations were untimely. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 * Background
 
 
 4
 Beginning in July 1982, Kumar practiced neonatal medicine in Modesto, California. He practiced at Scenic General Hospital ("Scenic") and Modesto City Hospital ("MCH"), the latter of which is the only hospital in Stanislaus County with an intensive care unit. Kumar was also a staff member of Scenic Faculty Medical Group, a group of doctors which provided services to Scenic General Hospital. On April 15, 1985 Kumar resigned as attending pediatrician and neonatologist at Scenic. Kumar retained staff privileges following his resignation but they expired after he chose not to renew them. In October 1985, Kumar's staff privileges at MCH were suspended and in November 1986 they were terminated.
 
 
 5
 In his second amended complaint filed on October 13, 1988, Kumar alleged that defendants conspired to make him lose staff privileges at Scenic and MCH so that they could restrain and monopolize the neonatal care business in Stanislaus County.
 
 
 6
 On June 30, 1993, following a hearing on defendants' motions for summary judgment, the magistrate judge issued his findings and recommendations. He concluded that summary judgment should be granted for the defendants because Kumar had failed to offer any evidence to establish an antitrust injury. On July 12, Kumar filed objections to the magistrate's findings and recommendations. On September 14, 1993, the district court ruled Kumar's objections were untimely, adopted the magistrate's findings and recommendations, and granted defendants' motions for summary judgment.
 
 II
 Merits
 
 7
 We review the district court's summary judgment de novo, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); McGuckin, 974 F.2d at 1059. To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 A. Antitrust Injury
 
 8
 "[T]o establish a claim under Sec. 1 of the Sherman Act, the plaintiff must show 1) that there was a contract, combination, or conspiracy; 2) that the agreement unreasonably restrained trade under either a per se rule of illegality or a rule of reason analysis; and 3) that the restraint affected interstate commerce." Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1410 (9th Cir.), cert. denied, 112 S.Ct. 617 (1991). In cases, such as this one, where plaintiff does not allege defendants have engaged in practices which are presumptively illegal per se, we apply the "rule of reason" test to determine whether a practice unreasonably restrains trade. Id. at 1410-13, McGlinchy v. Shell Chemical Co., 845 F.2d 802, 811 & n. 3 (9th Cir.1988).
 
 
 9
 Under this test, plaintiff must demonstrate that defendants caused an actual "injury to competition, beyond the impact on the [plaintiff]," within a particular geographic and product market. Austin v. McNamara, 979 F.2d 728, 738 (9th Cir.1992). Plaintiff may demonstrate such an injury by showing "detriment to consumers in the market in terms of price, quality and availability of the product at issue." Datagate, Inc. v. Hewlett-Packard Co., 672 F.Supp. 1288, 1291 (N.D.Cal.1987). Plaintiff must also demonstrate an anti-competitive injury to prevail on a claim under Sec. 2 of the Sherman Act. McGlinchy 845 F.2d at 811.
 
 
 10
 Here, the parties agreed that the market at issue was the practice of pediatrics with specialization in intensive care nursery treatment in Stanislaus County. Kumar failed to offer any evidence of injury to competition within this market, such as diminishment in the quality of neonatal care or an anti-competitive increase in the price of neonatal services. See Jefferson Parish Hosp. Dist. No. 2 v. Hyde, 466 U.S. 2, 31 n. 52 (1983). We note that to the extent Kumar presented evidence of defendants' misconduct in relation to his loss of staff privileges at MCH, he failed to demonstrate a detrimental effect on competition in the market. See Austin, 979 F.2d at 739. In contrast, defendants submitted evidence in the form of affidavits showing that both the number of patients admitted to the intensive care unit at MCH and the number of doctors performing neonatology services there have increased since Kumar left MCH. This evidence negates the existence of an antitrust injury. See Oksanen v. Page Memorial Hosp., 945 F.2d 696, 709 (4th Cir.1991). Because Kumar failed to offer any evidence of an antitrust injury, the district court correctly concluded that there was no genuine issue of material fact precluding summary judgment for the defendants.[1]
 
 B. Discovery Pursuant to Fed.R.Civ.P. 56(f)
 
 11
 We review for abuse of discretion the district court's decision not to permit additional discovery pursuant to Fed.R.Civ.P. 56(f). Qualls v. Blue Cross of Cal., 22 F.3d 839, 844 (9th Cir.1994).
 
 
 12
 After repeatedly sanctioning Kumar for failure to comply with defendants' discovery requests, and in response to defendants' motion for a protective order limiting discovery, the district court stayed discovery pending the filing of defendants' motions for summary judgment. In its order staying discovery, the court informed Kumar that it would consider permitting limited discovery after the motions for summary judgment were filed if Kumar specified what discovery was needed pursuant to Fed.R.Civ.P. 56(f).
 
 
 13
 After the summary judgment motions were filed, Kumar did not file a motion pursuant to Rule 56(f). Kumar filed instead an "Ex Parte Application For Enlargement Of Time" to respond to the summary judgment motions. In his application, Kumar cited rule 56(f), but failed to specify what information he sought to discover and how it would have precluded summary judgment on the issue of antitrust injury. Accordingly, the district court did not abuse its discretion by granting Kumar no more than a one week extension of time to respond to defendants motions for summary judgment. See Id.
 
 
 14
 C. Objections to Magistrate's Findings and Recommendations
 
 
 15
 The district court erred by ruling that Kumar's objections to the magistrate's findings and recommendations were untimely.[2] This error, however, was harmless. The district court stated in its order adopting the magistrate's findings and recommendations that it conducted a de novo review of the entire case and case file. Moreover, the two arguments raised in Kumar's opposition which had not been previously raised before the magistrate were unavailing. First, Kumar argued that he should have been granted more time to conduct discovery. We have already determined that this argument is meritless. Second, Kumar argued that some of the defendants' affidavits submitted in support of their motions for summary judgment were false. Even assuming that the affidavits were false and should have been stricken, however, we still find no evidence on the record of an antitrust injury. Accordingly, the district court did not err by not ruling on Kumar's objections to the magistrate's findings and recommendations.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Kumar's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kumar's reliance on Pinhas v. Summit Health, Ltd., 880 F.2d 1108 (9th Cir.1989), to support his argument that he has shown an antitrust injury is misplaced. In Pinhas, this court addressed the adequacy of plaintiff's complaint in pleading an antitrust injury, not whether the plaintiff offered any evidence in support of his allegation. S ee Id. at 1116
 
 
 [2]
 The district court should not have included the weekend preceding July 12, the date on which Kumar filed his objections, in its calculation of the ten day filing period. See Fed.R.Civ.P. 6(a). Disregarding the intervening weekend, the tenth day after service of the district court's order on June 30 was July 12. Therefore, Kumar's objections were timely